FILED

1  Anthony G. Brazil, Esq.  SBN: 84297
2  Karen M. Firstenberg, Esq.  SBN: 222432
   **MORRIS POLICH & PURDY LLP**
3  1055 West Seventh Street, 24th Floor
4  Los Angeles, California 90017
   Telephone:  (213) 891-9100
5  Facsimile:  (213) 488-1178
6  E-Mail: Abrazil@mpplaw.com
   E-Mail: Kfirstenberg@mpplaw.com
7
8  Attorneys for Defendant
   GARFIELD BEACH CVS, LLC (ERRONEOUSLY
9  NAMED AS CVS PHARMACY, INC.)
10

2010 JUN -4  PM 1: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

11                  **UNITED STATES DISTRICT COURT**

12            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13

**CV10 4161 R&K (FFMx)**

14  DEBRA MACDONALD,                    Case No.: _____

15              Plaintiff,
                                        Removed from the Superior Court of the
16        vs.                           State of California – County of Los
                                        Angeles, Case Number: PC 046482
17                                      [Action Filed:  September 24, 2009]
18  TEVA PHARMACEUTICALS USA,
    INC., GATE PHARMACEUTICALS;
19  DURAMED PHARMACEUTICALS,
    TEVA RESPIRATORY, TEVA            **NOTICE OF REMOVAL OF**
20  NEUROSCIENCE, and DOES 1-200,     **DEFENDANT GARFIELD BEACH**
                                       **CVS, LLC.; DECLARATION OF**
21                                     **KAREN M. FIRSTENBERG, ESQ.**
22              Defendants.
23

24        **TO THE CLERK OF THE ABOVE ENTITLED COURT:**

25        **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446,

26  Defendant Garfield Beach CVS, LLC (erroneously named as CVS Pharmacy, Inc.

27  (hereinafter "CVS")) hereby gives notice of the removal of the above-entitled case

28

L0226547                                  1

1   from the Superior Court of the State of California, County of Los Angeles, to the

2   United States District Court, Central District of California, on the following grounds:

3       1.      CVS removes this action, captioned *Debra MacDonald v. Teva*

4   *Pharmaceuticals USA, Inc., Gate Pharmaceuticals, Duramed Pharmaceuticals, Teva*

5   *Respiratory, and Teva Neuroscience, and Does 1-200*; Case No. PC 046482 (the "State

6   Court Action"), from the Superior Court of the State of California for the County of

7   Los Angeles, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq.*

8       2.      On September 24, 2009, Plaintiff filed her Complaint in the State Court

9   Action, Case No. PC 046482.  On January 15, 2009, Plaintiff amended her Complaint

10  to substitute CVS for Doe 101.  A copy of the Complaint, including the January 15,

11  2009 amendment, is attached to the Declaration of Karen M. Firstenberg ("Firstenberg

12  Dec.") and marked as "Exhibit A."  Plaintiff's Complaint pleads the following

13  purported causes of action:  General Negligence; Products Liability; Intentional Tort.

14  Plaintiff alleges that use of the product at issue, flurbiprofen, caused Plaintiff's injuries.

15  (Complaint at Page 4.)  Plaintiff seeks compensatory and punitive damages.

16  (Complaint at Page 3 of 3.)

17      3.      Service was attempted on CVS on May 6, 2010.

18      4.      Removal of this action is proper under 28 U.S.C. § 1441, *et seq.*  The court

19  has original jurisdiction over this action pursuant to pursuant to 28 U.S.C. § 1332(a) as

20  the action is a civil action between citizens of different states in which the amount in

21  controversy exceeds the sum of $75,000, exclusive of interest and costs.

22                          **DEFENDANTS' CITIZENSHIP**

23      5.      For purposes of diversity of citizenship, a corporation is deemed to be a

24  citizen of both the state of its incorporation and of the state where it has its principal

25  place of business.  28 U.S.C. § 1332(c)(1).

26      6.      A limited liability company "is a citizen of every state of which its

27  owner/members are citizens."  *Johnson v. Columbia Prop. Anchorage, LP*, 437 F.3d

28  894, 899 (9th Cir. 2006). *See also Hukic v. Aurora Loan Services*, 588 F.3d 420, 427

L0226547                                    2

1   (7th Cir. 2009) (citizenship of members is the sole consideration to determine

2   citizenship of a limited liability company, and the states of principal place of business

3   and organization are irrelevant); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d

4   1003, 1005 (6th Cir. 2009) (a limited liability company has the citizenship of each of its

5   members, not of its states of organization and principal place of business).

6       7.    Defendant CVS is a limited liability company with its principal place of

7   business in California.   Its sole member, CVS Pharmacy, Inc., is, and was at the

8   commencement of this action, a Rhode Island corporation with its principal place of

9   business in Rhode Island.  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1) and the rule

10  announced in *Johnson*, *supra*, 437 F.3d at 899, CVS is a citizen of Rhode Island.

11      8.    Defendant Teva Pharmaceuticals USA ("Teva USA") is, and was at the

12  commencement of this action, a Delaware corporation with its principal place of

13  business in Pennsylvania.  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Teva USA

14  is a citizen of Delaware and Pennsylvania.   Gate Pharmaceuticals, which was

15  erroneously named in the Complaint as a separate legal entity, is an unincorporated

16  operating division of Teva USA.

17      9.    Defendant Teva Women's Health f/k/a Duramed Pharmaceuticals, Inc.

18  ("Teva Women's Health") is, and was at the commencement of this action, a Delaware

19  corporation with its principal place of business in New Jersey.  Accordingly, pursuant

20  to 28 U.S.C. § 1332(c)(1), Teva Women's Health is a citizen of Delaware and New

21  Jersey.

22      10.   Defendant Teva Neuroscience, Inc. ("Teva Neuroscience") is, and was at

23  the commencement of this action, a Delaware corporation with its principal place of

24  business in Pennsylvania.  Accordingly, pursuant to 28 U.S.C. § 1332(c)(1), Teva

25  Neuroscience is a citizen of Delaware and Pennsylvania.

26      11.   Defendant Teva Respiratory, LLC ("Teva Respiratory" and, with Teva

27  USA, Teva Women's Health, and Teva Neuroscience, the "Teva Defendants") is, and

28  was at the commencement of this action, a Florida limited liability company, with its

**NOTICE OF REMOVAL OF DEFENDANT GARFIELD BEACH CVS, LLC.;
DECLARATION OF KAREN M. FIRSTENBERG, ESQ.**

1 principal place of business in Pennsylvania. The sole member of Teva Respiratory is

2 IVAX, LLC. ("IVAX"). IVAX is a Florida limited liability company, with its principal

3 place of business in Florida. Teva USA, a citizen of Delaware and Pennsylvania, is the

4 sole member of IVAX. Thus, IVAX is a citizen of Delaware, and Pennsylvania.

5 Accordingly, pursuant to 28 U.S.C. § 1332(c)(1) and the rule announced in *Johnson*,

6 *supra*, 437 F.3d at 899, Teva Respiratory is a citizen of Delaware, and Pennsylvania.

7      12.    The Teva Defendants consent to the removal of the State Court Action by

8 CVS. A copy of the Teva Defendants' Consent to Removal is attached to the

9 Firstenberg Dec. and marked as "Exhibit B."

10      13.    The citizenship of defendants Does 1-200 is disregarded for the purposes

11 of removal and determining diversity jurisdiction. *See* 28 U.S.C. §1441(a) ("For

12 purposes of removal under this chapter, the citizenship of defendants sued under

13 fictitious names shall be disregarded.").

14 <center>**PLAINTIFF'S CITIZENSHIP**</center>

15      14.    State citizenship for diversity purposes requires that an individual be

16 domiciled in that state. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090

17 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to

18 remain or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.,* 265

19 F.3d 853, 857 (9th Cir. 2001); *Messersmith v. Matteucci,* 276 F. Supp. 310, 311 (E.D.

20 Cal. 1966) (describing domicile as the concurrence to residence in fact and *animus*

21 *manendi*—the intention to remain at the place of residence for an indefinite period of

22 time). Once established, domicile is presumed to continue until it is shown to have

23 changed. *See Messersmith*, 276 F. Supp. at 312 (citing *Mitchell v. Harris*, 88 U.S. 350,

24 353 (1874)); *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Circuit 2005)

25 ("Once an individual has established his state of citizenship, he remains a citizen of that

26 state until he legally acquires a new state of citizenship."). A natural person may have

27 only one domicile at a time. *See Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004).

28

<center>**NOTICE OF REMOVAL OF DEFENDANT GARFIELD BEACH CVS, LLC.;**
**DECLARATION OF KAREN M. FIRSTENBERG, ESQ.**</center>

15. While the intention to remain for an indefinite period of time is subjective, it may be established by objective factors. *See Gaudin*, 379 at 637. A party's residence is "prima facie" evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994).

16. The Teva Defendants previously removed this case to this Court based on their perception that the citizenship of Plaintiff could be ascertained on the four corners of the Complaint. The Court disagreed and on or about January 25, 2010, the matter was remanded to the Los Angeles Superior Court for lack of federal subject matter jurisdiction. A copy of the United States District Court, Central District of California civil minute order, the Honorable Percy Anderson presiding, for Case No. CV 10-81 PA (RCx) remanding the matter for lack of federal subject matter jurisdiction for lack of evidence of the Plaintiff's citizenship either on the four corners of the Complaint or the Notice of Removal is attached to the Firstenberg Dec. and marked as "Exhibit C."[1]

17. Subsequent discovery demonstrates that Plaintiff has been a resident of California for the past five years—which includes the time that she filed this action—that she is employed in California, and that she has been employed by the same employer for the past five years. *See* Defendant's Requests for Admissions (Set One) and Plaintiff's responses thereto, attached to the Firstenberg Dec. and marked as "Exhibit D"; Defendant's Special Interrogatories (Set One) and Plaintiff's responses thereto, attached to the Firstenberg Dec. and marked as "Exhibit E."

18. Plaintiff's current residence is objective prima facie evidence that California is her domicile and she is a citizen of California. *See State Farm*, 19 F.3d at 520. Plaintiff's continuous residency in California for five years and continuous employment with the same company in California for five years are objective indications of Plaintiff's subjective intent to remain in California. *See Gaudin*, 379 at

---

[1] Subsequent to ascertaining Plaintiff's citizenship, the Teva Defendants again removed the State Court Action, on April 6, 2010, under Case No. CV 10-2485 PA (RCx). On April 29, 2010, the case was remanded on the Court's determination that the Teva Defendants had not done sufficient diligence to determine that CVS had not been served with process prior to the April 6, 2010 removal.

L0226547

5

1  637. No allegation or evidence in the record remotely suggests that Plaintiff is a citizen

2  of Florida, Delaware, New Jersey, Pennsylvania, or Rhode Island, the various states of

3  citizenship of Defendants.

4       19.    Pursuant to the allegations and evidence in the record, complete diversity

5  exists between Plaintiff and all Defendants. This case is therefore a civil action

6  between citizens of different states.

7  <div align="center">**OTHER REMOVAL FACTORS**</div>

8       20.    This is an action for damages allegedly arising from personal injury.

9  According to the Statement of Damages she attached to her Complaint, Plaintiff states

10  that she is seeking judgment against Defendants in a sum in excess of $75,000.

11  Specifically, Plaintiff alleges $500,000 for pain and suffering, $500,000 for emotional

12  distress, $100,000 for medical expenses to date, $250,000 for future medical expenses,

13  and $60,000 in lost earnings and earnings potential. Plaintiff also seeks punitive

14  damages. (*See* Statement of Damages, attached to Complaint.) Accordingly, the

15  amount in controversy exceeds $75,000, exclusive of interest and costs.

16       21.    Removal is timely because it is accomplished within thirty days of service

17  of Plaintiff's Complaint on CVS. *See* 28 U.S.C. 1446(b).

18       22.    The Court has jurisdiction over this action, pursuant to 28 U.S.C. §

19  1332(a), because it is a civil action between citizens of different states in which the

20  amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

21       23.    The Superior Court of the State of California for the County of Los

22  Angeles, the court in which this action is pending, is located within the jurisdiction of

23  the United States District Court for the Central District of California.

24       24.    Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings,

25  and orders served on Defendant are attached to the Firstenberg Dec. and marked

26  collectively as Exhibit "F."

27       25.    Written notice of the filing of this Notice of Removal is being given

28  promptly to Plaintiff and the Teva Defendants by service hereof, and a copy of the

L0226547

<div align="center">NOTICE OF REMOVAL OF DEFENDANT GARFIELD BEACH CVS, LLC.;<br>DECLARATION OF KAREN M. FIRSTENBERG, ESQ.</div>

1 | Notice of Removal is being promptly filed with the Superior Court of the State of
2 | California for the County of Los Angeles, as required by 28 U.S.C. § 1446(d).

3 |     **WHEREFORE**, CVS, by counsel, gives notice pursuant to 28 U.S.C. § 1446 of
4 | the removal of this action from the Superior Court of the State of California for the
5 | County of Los Angeles.

8 | Dated:  June 4, 2010

Respectfully submitted,
**MORRIS POLICH & PURDY LLP**

By: _Karen M. Firstenberg_
Anthony G. Brazil
Karen M. Firstenberg

Attorneys for Defendant,
GARFIELD BEACH CVS, LLC.,
ERRONEOUSLY NAMED AS CVS
PHARMACY, INC.

L0226547

7

NOTICE OF REMOVAL OF DEFENDANT GARFIELD BEACH CVS, LLC.;
DECLARATION OF KAREN M. FIRSTENBERG, ESQ.

## DECLARATION OF KAREN M. FIRSTENBERG

1.    I am an attorney at law, licensed to practice before all the courts of the State of California and the United States District Court, Central District of California, and I am an attorney in the law firm of Morris Polich & Purdy LLP, attorneys for Garfield Beach CVS, LLC (erroneously named as CVS Pharmacy, Inc.)(hereinafter "CVS"). I have personal knowledge of the matters contained in this declaration unless otherwise stated, and if called upon to testify I could and would competently testify as follows.

2.    Attached as "Exhibit A" are true and correct copies of the Summons and Complaint constituting all of the papers and pleadings served upon CVS. The Statement of Damages attached to Plaintiff's Complaint states that Plaintiff is seeking judgment against Defendants in a sum in excess of $75,000. Specifically, Plaintiff alleges $500,000 for pain and suffering, $500,000 for emotional distress, $100,000 for medical expenses to date, $250,000 for future medical expenses, and $60,000 in lost earnings and earnings potential. Plaintiff also seeks punitive damages.

3.    Attached as Exhibit "B" is the Consent to Removal of Defendants Teva Pharmaceuticals USA, Inc. (including Teva Pharmaceuticals USA Inc.'s unincorporated operating unit Gate Pharmaceuticals erroneously named as a separate legal entity in the Complaint) ("Teva USA"), Teva Women's Health, Inc. (f/k/a Duramed Pharmaceuticals) ("Teva Women's Health"), Teva Respiratory, LLC ("Teva Respiratory") and Teva Neuroscience, Inc. ("Teva Neuroscience") (collectively, "Teva Defendants")

4.    Attached as Exhibit "C" is a true and correct copy of the United States District court – Central District of California civil minute order issued by Honorable Judge Percy Anderson in the Case No. CV 10-81 PA (RCx) remanding this matter to the Los Angeles Superior Court on or about January 25, 2010.

5.    Attached hereto and incorporated herein Exhibit "D" is a true and correct copy of Defendant's Request for Admissions (Set One) served on Plaintiff and

L0226547

1    Plaintiff's Responses to Request for Admissions (Set One).

2        6.    Attached hereto and incorporated herein as Exhibit "E" is a true and

3    correct copy of Defendant's Special Interrogatories (Set One) served on Plaintiff and

4    Plaintiff's responses to Special Interrogatories (Set One).

5        7.    Attached hereto and incorporated herein as Exhibit "F" are true and correct

6    copies of all other process, pleadings and orders served in this matter.

7            I declare under penalty of perjury under the laws of the United States of

8    America and the State of California that the foregoing is true and correct.

9            Executed this 4th day of June 2010, at Los Angeles, California.

Karen M. Firstenberg, Declarant

**NOTICE OF REMOVAL OF DEFENDANT GARFIELD BEACH CVS, LLC.;**
**DECLARATION OF KAREN M. FIRSTENBERG, ESQ.**

# EXHIBIT A

2/25

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| Debra MacDonald, In Pro Per<br>28151-60 Seco Canyon Road<br>Saugus, California  91390<br>(818)  902-9855 | | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JAN 1 5 2010<br><br>JOHN A. CLARKE, CLERK<br>_cheryl_<br>BY C. SO, DEPUTY |

ATTORNEY FOR (Name): Debra MacDonald, In Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
9425 Penfield Avenue, Chatsworth, California  91311

PLAINTIFF:
Debra MacDonald

DEFENDANT:
Teva Pharmaceuticals, USA, Inc., et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>PC 046 482 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 101

and having discovered the true name of the defendant to be:

TRUE NAME
CVS Pharmacy,Inc., Store # 9722, doing business in the State of California

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| 1-15-10 | Debra MacDonald, In Pro Per | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

Dated _____          Judicial Officer _____

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
**(Fictitious / Incorrect Name)**

Code Civ. Proc., §§ 471.5,
472, 473, 474

EXHIBIT A 1

1                         **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA**       )

3   **COUNTY OF LOS ANGELES** )

4        I am a resident of the county aforesaid; I am over the age of eighteen years and not a party
to the within entitled action; my business address is 5900 Sepulveda Boulevard, Suite 335, Van

5   Nuys, California 91411-2511.

6        On **January 15, 2010**, I served the within **Amendment to Complaint** on the interested
parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as

7   stated below:

8   Anthony G. Brazil, Esq.
Karen M. Firstenberg, Esq.

9   Morris, Polich & Purdy, LLP
1055 West Seventh Street, 24th Floor

10   Los Angeles, California 90017

11   ☒   **(BY MAIL)** I deposited such envelope with postage thereon fully prepaid, in the United
States mail at Van Nuys, California.

12
    ☐   **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the
13   addressee.

14     ☐   **(BY FACSIMILE)** On January 15, 2010, the above-described document (s) were sent
by facsimile transmission to the facsimile number(s) of the law office(s) stated above.   The
15   transmission was reported as complete and without error.   A copy of the transmission report
is made a part of this proof of service pursuant to CRC §2008.

16
    ☐   **(BY OVERNIGHT DELIVERY)** On January 15, 2010, I placed the Federal Express
17   package for overnight delivery in a box or location regularly maintained by Federal Express at
my office or I delivered the package to an authorized courier or driver authorized by Federal
18   Express to receive documents.   The package was placed in a sealed envelope or package
designated by Federal Express with delivery fees paid or provided for, addressed to the person(s)
19   on whom it is to be served at the address(es) shown above, at the office address(es) as last given
by that person on any document filed in the cause and served on the party making service;
20   otherwise at that party's place of residence.

21   ☒   **(State)** I declare, under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.

22
    ☐   **(Federal)** I declare that I am employed in the office of a member of the bar of this court
23   at whose direction the service was made.

24     Executed on January 15, 2010, at Van Nuys, California.

25

                                            Debra MacDonald

26   [MacDonald vs. Teva POS]

27

28

Law Offices of
**MICHAEL S. MISCHEL & ASSOCIATES**
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2511
TELEPHONE (818) 902-9855

EXHIBIT A 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
LOS ANGELES SUPERIOR COURT

SEP 24 2009

JOHN A. CLARKE, CLERK

BY C. SO, DEPUTY

NOTICE TO DEFENDANT: TEVA PHARMACEUTICALS USA, INC;
(AVISO AL DEMANDADO): GATE PHARMACEUTICALS; DURAMED
PHARMACEUTICALS; TEVA RESPIRATORY; TEVA
NEUROSCIENCE; DOES 1 THROUGH 200, INCLUSIVE,

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

DEBRA MACDONALD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: LOS ANGELES SUPERIOR COURT <br> (El nombre y dirección de la corte es): –UNLIMITED (NORTH VALLEY) : | CASE NUMBER: <br> (Número del Caso:) PC046482 |
|---|---|

9425 PENFIELD AVE
CHATSWORTH, CA 91311

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

DEBRA MACDONALD, IN PRO PER;   28151-60 SECO CANYON RD. SAUGUS, CA 91390
(818) 902-9855

DATE:                                          Clerk, by                                  , Deputy
(Fecha)  SEP 2 4 2009    JOHN A.    (Secretario)  Cherry So    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)

NOTICE TO THE PERSON SERVED: You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

[ ] on behalf of (specify):

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 3

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DEBRA MACDONALD, IN PRO PER<br>28151-60 SECO CANYON RD<br>SAUGUS, CA 91390<br><br>TELEPHONE NO: (818) 902-9855    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Name):*  DEBRA MACDONALD<br>ATTORNEY FOR *(Name):*  DEBRA MACDONALD | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>SEP 24 2009<br><br>JOHN A. CLARKE, CLERK<br><br>BY C. SO, DEPUTY |

91390
A7240

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
  STREET ADDRESS: 9425 PENFIELD AVE
  MAILING ADDRESS: 9425 PENFIELD AVE
  CITY AND ZIP CODE: CHATSWORTH, CA 91311
  BRANCH NAME: NORTH VALLEY DISTRICT

PLAINTIFF: DEBRA MACDONALD

DEFENDANT: TEVA PHARMACUETICALS USA, INC.; GATE
PHARMACEUTICALS;DURAMED PHARMACEUTICALS;TEVA RES-
PIRATORY; TEVA NEUROSCIENCE,
[✓] DOES 1 TO 200     INCLUSIVE

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
  [ ] AMENDED *(Number):*
Type *(check all that apply):*
[ ] MOTOR VEHICLE   [✓] OTHER *(specify):* Product Liab
  [ ] Property Damage   [✓] Wrongful Death
  [✓] Personal Injury   [✓] Other Damages *(specify):* Punitive

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded [ ] does not exceed $10,000
                  [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:

PC046482

1. Plaintiff *(name or names):* DEBRA MACDONALD
   alleges causes of action against defendant *(name or names):*
   TEVA PHARMACUETICALS USA, INC., et al
2. This pleading, including attachments and exhibits, consists of the following number of pages: six
3. Each plaintiff named above is a competent adult
   a. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor [ ] an adult
            (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
            (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

CIT/CASE: PC046482 LEA/DEFR:
RECEIPT #: CMA53843900001
DATE PAID: 09/24/09
PAYMENT: $355.00
RECEIVED:
  CHECK:
  CASH:
  CHANGE:
  CARD:
  355.00
02:12

| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 4

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MACDONALD v. TEVA PHARMACEUTICALS USA, INC., et. al. | |

4. ☐ Plaintiff (name):
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   b. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   c. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   d. ☐ except defendant (name):
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity (describe):

      (4) ☐ a public entity (describe):

      (5) ☐ other (specify):

   ☑ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants (specify Doe numbers): 1-100 INCLUSIVE       were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants (specify Doe numbers): 101-200 INCLUSIVE      are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other (specify):

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because (specify):

EXHIBIT A 5

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MACDONALD v. TEVA PHARMACEUTICALS USA, INC., et. al. |  |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☑ General Negligence
   c. ☑ Intentional Tort
   d. ☑ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify):*

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☐ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☐ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify):*
      punitive

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
      (2) ☑ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☑ according to proof
      (2) ☐ in the amount of: $

15. ☑ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
   All paragraphs

Date: September 23, 2009

DEBRA MACDONALD, IN PRO PER
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

PLD-PI-001 [Rev. January 1, 2007]   **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**   Page 3 of 3

EXHIBIT A 6

)                                      )

**ATTACHMENT 5**

a.    Except Defendant, TEVA PHARMACEUTICALS USA, INC.
      (2)  a corporation

b.    Except Defendant, GATE PHARMACEUTICALS
      (1)  a business organization, form unknown

c.    Except Defendant, DURAMED PHARMACEUTICALS
      (1)  a business organization, form unknown

d.    Except Defendant, TEVA RESPIRATORY
      (1)  a business organization, form unknown

e.    Except Defendant, TEVA NEUROSCIENCE
      (1)  a business organization, form unknown

EXHIBIT A 7

)                                    )

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MACDONALD v. TEVA PHARMACEUTICALS USA INC., et. al. | ' |

<u>FIRST</u>           **CAUSE OF ACTION—General Negligence**     Page   <u>FOUR</u>
   (number)

ATTACHMENT TO   [✓] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   DEBRA MACDONALD

    alleges that defendant *(name)*:

        [✓] Does   1          to   200

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff
on *(date)*:   SEPTEMBER 28, 2007
at *(place)*:   SAUGUS, CA

*(description of reasons for liability)*:

Plaintiff, a consumer, purchased a physician-prescribed medication called Ansaid (generic name,
Flurbiprofen), said medication assembled, designed, fabricated, manufactured, and sold to the
general public, including Plaintiff, by Defendants, and each of them.

On or about September 28, 2007, Plaintiff took and ingested the medication in the appropriate,
prescribed dosage, only to suffer a severe allergic reaction which resulted in her hospitalization.

As a proximate result of her ingestion of the aforementioned medication, and the allergic reaction
resulting thereafter, Plaintiff sustained, and continues to suffer from severe physical and
emotional injuries, not the least of which were and remain chronic and irreversible pulmonary and
respiratory injuries and conditions.

Defendants, and each of them, so negligently assembled, designed, fabricated, manufactured and
sold the aforementioned medication so as to result in the severe physical and emotional injuries
sustained by Plaintiff.

Defendants, and each of them owed a duty to consumers of their pharmaceutical products,
including Plaintiff, to manufacture and distribute safe and defect-free medications, including the
aforementioned medication, and to provide all necessary warnings and precautions in their
promotional and package material. The breach of that duty to Plaintiff constitutes negligence.

As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff
suffered and continues to suffer severe physical and emotional injuries and significant pain and
suffering and other general damages, has incurred and shall in the future incur hospital and
medical expenses, as well as loss of past and future wages, all in an amount to be proved at the
time of trial.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]       **CAUSE OF ACTION—General Negligence**       Code of Civil Procedure 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 8

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MACDONALD v. TEVA PHARMACEUTICALS USA, INC. et. al. | |

SECOND _____   **CAUSE OF ACTION—Products Liability**   Page ___SIX___
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* DEBRA MACDONALD

Prod. L-1. On or about *(date):* SEPTEMBER 28, 2007   plaintiff was injured by the following product:
Prescription medication known as Ansaid (generic name is Flurbiprofen)

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury
was being
☐ used in the manner intended by the defendants.
☑ used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
☑ purchaser of the product.                    ☑ user of the product.
☐ bystander to the use of the product.          ☐ other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L- 4. ☑ **Count One—Strict liability** of the following defendants who
a. ☑ manufactured or assembled the product *(names):*
Defendants, and each of them

☑ Does 1 _____ to 200 _____

b. ☑ designed and manufactured component parts supplied to the manufacturer *(names):*
Defendants, and each of them

☑ Does 1 _____ to 200 _____

c. ☑ sold the product to the public *(names):*
Defendants, and each of them

☑ Does 1 _____ to 200 _____

Prod. L-5. ☑ **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
Defendants, and each of them
☑ Does 1 _____ to 200 _____

Prod. L-6. ☑ **Count Three—Breach of warranty** by the following defendants *(names):*
Defendants, and each of them
☑ Does 1 _____ to 200 _____
a. ☑ who breached an implied warranty
b. ☐ who breached an express warranty which was
☑ written ☐ oral

Prod. L-7. ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
☐ listed in Attachment-Prod. L-7 ☐ as follows:

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 9

PLD-PI-001(3)

| SHORT TITLE:<br>MACDONALD v. TEVA PHARMACEUTICALS USA INC., et. al. | CASE NUMBER |
|---|---|

THIRD _____ **CAUSE OF ACTION—Intentional Tort** Page   SEVEN
(number)

ATTACHMENT TO ☑ Complaint  ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* DEBRA MACDONALD

alleges that defendant *(name):* TEVA PHARMACEUTICALS USA, INC.; GATE PHARMACEUTICALS; DURAMED PHARMACEUTICALS; TEVA RESPIRATORY; TEVA NEUROSCIENCE.

☑ Does  1 _____ to  200 _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)* SEPTEMBER 28, 2007
at *(place)* SAUGUS, CA

*(description of reasons for liability):*

Defendants, and each of them were and are designers, assemblers, manufactures, distributors and sellers of a pharmaceutical drug known as Ansaid (generic name is Flurbiprofen). That drug is sold and available to consumers in the general public, including Plaintiff. In or about September, 2007, Plaintiff was prescribed the aforementioned medication by her physician. Upon ingesting that medication on or about September 28, 2007, Plaintiff suffered a severe allergic reaction to that medication, and was rushed to the hospital for treatment and in-patient care. From the date of that allergic reaction to the present time, Plaintiff suffers from, among other injuries, chronic and irreversible pulmonary and respiratory injuries and conditions, such that she is expected to require medical care for the remainder of her life.

Defendants, and each of them, knew, prior to their distribution of the aforementioned medication, that there were severe defects with their pharmaceutical product, such that the Federal Drug Administration (FDA) was caused to issue a warning as to its sale to, and use by members of the general public including Plaintiff. Despite this knowledge, Defendants, and each of them nevertheless placed the medication into the stream of commerce, such that it was prescribed to and purchased by Plaintiff, who was unaware of the FDA warnings. No warning or cautionary language accompanied the packaging of the aforementioned medication which would notify Plaintiff of the FDA warning, nor of the known potential hazards or allergic reactions that a consumer such as Plaintiff could, and in the case of Plaintiff, did suffer.

The failure of Defendants, and each of them, to notify consumers, including Plaintiff, of the inherent dangers of the above-mentioned pharmaceutical drug, the FDA warning, and the absence of appropriate warnings and cautionary language concerning these known dangers, as well as the fact that Defendants, and each of them, permitted and encouraged the prescribing and sale of this known unsafe and hazardous pharmaceutical product, was willful, malicious, oppressive, and a conscious disregard for the rights and safety of consumers, including Plaintiff. Said conduct, which resulted in severe physical and emotional injury and damages to Plaintiff, entitles her to a recovery of punitive and exemplary damages.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]   **CAUSE OF ACTION—Intentional Tort**   Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 10

| SHORT TITLE:  MACDONALD v. TEVA PHARMACEUTICALS USA, INC., et. al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 8 ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A  Civil Case Cover Sheet Category No. | B  Type of Action  (Check only one) | C  Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☑ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

EXHIBIT A 11

| SHORT TITLE: MACDONALD v. TEVA PHARMACEUTICALS USA, INC., et. al. | | CASE NUMBER |
|---|---|---|

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| **Professional Negligence (25)** | ☐ A6017   Legal Malpractice | 1., 2., 3. |
| | ☐ A6050   Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| **Other (35)** | ☐ A6025   Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Wrongful Termination (36)** | ☐ A6037   Wrongful Termination | 1., 2., 3. |
| **Other Employment (15)** | ☐ A6024   Other Employment Complaint Case | 1., 2., 3. |
| | ☐ A6109   Labor Commissioner Appeals | 10. |
| **Breach of Contract/ Warranty (06) (not insurance)** | ☐ A6004   Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ A6019   Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| **Collections (09)** | ☐ A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ A6012   Other Promissory Note/Collections Case | 2., 5. |
| **Insurance Coverage (18)** | ☐ A6015   Insurance Coverage (not complex) | 1., 2., 5., 8. |
| **Other Contract (37)** | ☐ A6009   Contractual Fraud | 1., 2., 3., 5. |
| | ☐ A6031   Tortious Interference | 1., 2., 3., 5. |
| | ☐ A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Eminent Domain/Inverse Condemnation (14)** | ☐ A7300   Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| **Wrongful Eviction (33)** | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| **Other Real Property (26)** | ☐ A6018   Mortgage Foreclosure | 2., 6. |
| | ☐ A6032   Quiet Title | 2., 6. |
| | ☐ A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer- Commercial (31)** | ☐ A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer- Residential (32)** | ☐ A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| **Unlawful Detainer- Drugs (38)** | ☐ A6022   Unlawful Detainer-Drugs | 2., 6. |
| **Asset Forfeiture (05)** | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| **Petition re Arbitration (11)** | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

Left margin categories: Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.) / Employment / Contract / Real Property / Unlawful Detainer / Judicial Review

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

EXHIBIT A 12

| SHORT TITLE:<br>MACDONALD v. TEVA PHARMACEUTICALS USA, INC., et. al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Previsionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT A  13

| SHORT TITLE:<br>MACDONALD v. TEVA PHARMACEUTICALS USA, INC., et. al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br><br>☐1. ☐2. ☐3. ☑4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>28151-60 SECO CANYON RD. | |
|---|---|---|
| CITY:<br>SAUGUS | STATE:<br>CA | ZIP CODE:<br>91390 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>LASC</u> courthouse in the <u>NORTH VALLEY</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>SEPTEMBER 23, 2009</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

EXHIBIT A 14

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DEBRA MACDONALD, IN PRO PER<br>28151-60 SECO CANYON ROAD<br>SAUGUS, CA 91390<br><br>TELEPHONE NO.: (818) 902-9855    FAX NO.:<br>ATTORNEY FOR (Name): DEBRA MACDONALD | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>SEP 2 4 2009<br><br>JOHN A. CLARKE, CLERK<br>_Chermse_<br>BY C. SO, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 9425 PENFIELD AVENUE
MAILING ADDRESS: 9425 PENFIELD AVENUE
CITY AND ZIP CODE: CHATSWORTH, CA. 91311
BRANCH NAME: NORTH VALLEY DISTRICT

CASE NAME:
MACDONALD v. TEVA PHARMACEUTICALS USA, INC. et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:  P C 0 4 6 4 8 2 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount          (Amount<br>demanded      demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Mass tort (40) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☑ Product liability (24) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (*not specified above*) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (*not specified above*) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve               in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence            f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (*check all that apply*): a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action (*specify*):  THREE
5. This case ☐ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: SEPTEMBER 23, 2009
DEBRA MACDONALD, IN PRO PER
_____         _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**Superior Court of California, County of Los Angeles**
North Valley District, Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

Reserved for Clerk's File Stamp

PLAINTIFF
MacDonald

DEFENDANT
Teva

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles County Superior Court

SEP 2 4 2009

John A. Clarke, Executive Officer/Clerk
By _____ Deputy

CASE NUMBER: C. 2a

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT and
NOTICE OF CASE MANAGEMENT CONFERENCE**

PC046482

**Notice of Civil Assignment:**                                     **Dept. F49**

    Plaintiff/Attorney(s) for Plaintiff are hereby ORDERED to serve a copy of this Notice on all parties at the time of service of the complaint and summons. Cross-complainants and plaintiffs-in-intervention are ordered to serve a copy on each new party brought into the case. This case is randomly assigned to Judge Barbara M. Scheper for all purposes, in Department F49 of the North Valley District of this Court. All law and discovery matters must be calendared directly with the judicial assistant or court assistant in Department F49 by calling (818) 576-8403 between the hours of 9:30 a.m. to noon and from 1:30 p.m. to 4:00 p.m. Monday through Friday.

**Notice of Case Management Conference:** All parties are ordered to appear at a Case Management Conference in Department F49 at the courthouse address shown above at 8:30 a.m. on

FEB 1 9 2010

Date: _____

**\*\*\*NOTICE:  READ PAGE 2 OF 2 FOR IMPORTANT INFORMATION**

**You are hereby notified that failure of any party to comply with these Orders may result in sanctions, including dismissal of the complaint and/or striking a pleading, such as an answer, and payment of money. This Order continues on Page 2 of 2. You are further given notice that failure to comply with the provisions of California Rules of Court, Rule 3.110 will result in the setting of an OSC re sanctions.  Please read Rule 3.110 and page 2 of this Notice, and all applicable rules and statutes mentioned.**

Dated: _____SEP 2 4 2009_____                    _____
                                                Hon. Robert J. Schuit, Supervising Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to this action and that on ___SEP 2 4 2009___ I served the Notice of All Purpose Case Assignment and Notice of Case Management Conference upon each party or counsel named below:

☑ by personally giving the party notice upon filing of the complaint.

☐ by depositing in the United States mail at the courthouse at Chatsworth, California, one copy of the original filed herein in a separate sealed envelope to each address shown on page 2 herein with postage fully prepaid.

Date: ____SEP_____                    John A. Clarke, Executive Officer/Clerk

                                             By _____, Deputy Clerk

Notice of All Purpose Case Assignment and Case Management Conference
PAGE 1 OF 2

EXHIBIT A 16

**CIV-050**

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):<br>Debra MacDonald, In Pro Per<br>28151-60 Seco Canyon Road<br>Saugus, California 91390<br><br>ATTORNEY FOR (Name): Debra MacDonald, In Pro Per | TELEPHONE NO:<br>(818) 902-9855 | FOR COURT USE ONLY |
|---|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 9425 Penfield Avenue
MAILING ADDRESS: Same
CITY AND ZIP CODE: Chatsworth, California 91311
BRANCH NAME: North Valley District

PLAINTIFF: Debra MacDonald
DEFENDANT: Teva Pharmaceuticals, USA, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>PC 046 482 |
|---|---|

To (name of one defendant only): Duramed Pharmaceuticals
Plaintiff (name of one plaintiff only): Debra MacDonald
seeks damages in the above-entitled action, as follows:

|  |  | AMOUNT |
|---|---|---|
| **1. General damages** |  |  |
| a. ☑ Pain, suffering, and inconvenience | $ | 500,000.00 |
| b. ☑ Emotional distress. | $ | 500,000.00 |
| c. ☐ Loss of consortium | $ | |
| d. ☐ Loss of society and companionship (wrongful death actions only) | $ | |
| e. ☐ Other (specify) | $ | |
| f. ☐ Other (specify) | $ | |
| g. ☐ Continued on Attachment 1.g. |  | |
| **2. Special damages** |  |  |
| a. ☑ Medical expenses (to date) | $ | 100,000.00 |
| b. ☑ Future medical expenses (present value) | $ | 250,000.00 |
| c. ☑ Loss of earnings (to date) | $ | 10,000.00 |
| d. ☑ Loss of future earning capacity (present value) | $ | 50,000.00 |
| e. ☐ Property damage | $ | |
| f. ☐ Funeral expenses (wrongful death actions only) | $ | |
| g. ☐ Future contributions (present value) (wrongful death actions only) | $ | |
| h. ☐ Value of personal service, advice, or training (wrongful death actions only) | $ | |
| i. ☐ Other (specify) | $ | |
| j. ☐ Other (specify) | $ | |
| k. ☐ Continued on Attachment 2.k. |  | |
| 3. ☑ Punitive damages: Plaintiff reserves the right to seek punitive damages in the amount of (specify).. | $ | 2,000,000.00 |
| when pursuing a judgment in the suit filed against you. |  | |

Date: December 3, 2009
Debra MacDonald, In Pro Per
_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 17

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE (Amount demanded exceeds $25,000)   ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:          Time:          Dept.:          Div.:          Room:

Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only).
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint. ☐ cross-complaint.   (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4
Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A 18

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
g. ☐ This case is exempt from judicial arbitration under rule 5.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**
☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**
a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐ Bankruptcy ☐ Other *(specify)*:
Status:

**14. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
☐ Additional cases are described in Attachment 14a.
b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**    Page 3 of 5

EXHIBIT A 19

) )

## NOTICE TO LITIGANTS

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

### INFORMATION REGARDING NEW CALIFORNIA RULES OF COURT THAT TAKE EFFECT JULY 1, 2002

This brief synopsis is provided to inform litigants, attorneys, and the general public of new California Court Rules effective July 1, 2002, which affect the processing and filing of limited and unlimited civil cases (with the exception of Unlawful Detainers, Small Claim actions, complex civil cases, probate, guardianship, conservatorship, family law, juvenile court proceedings, and short cause cases).

The full text of these changes can be found in the California Rules of Court Booklet.

RULE 201.7 (Re Time for Service of Complaint, Cross-Complaint, and Response)

Complaints are to be served and proofs of service filed with the court within 60 days after filing of the complaint.

On amended complaints, the added defendant must be served and proof of service must be filed within 30 days of filing the amended complaint.

A Cross-Complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.

The plaintiff, within 10 days after the time for response has elapsed, must file a Request for Entry of Default and must obtain a default judgment within 45 days after entry of default.

RULE 201.8 (Re Case Cover Sheet)

Required in each civil limited or unlimited action.

RULE 201.9 (Re Information about Alternative Dispute Resolution)

Plaintiffs will be provided an Alternative Dispute Resolution (ADR) package at time of filing the complaint and must serve a copy of said package on each defendant.

RULE 212 (Re Case Management Conference; Meet and Confer Requirement; and Case Management Order)

A Case Management Review/Conference must be completed no later than 180 days from filing of the complaint. The Los Angeles Superior Court will set said review/conference date 140 to 160 days from filing of the complaint. Individual courts may set additional earlier status conferences.

Notice of the Case Management Review/Conference will be given to all parties no later than 45 days before the review/conference date. If the court determines that appearances are not necessary at the Case Management Review/Conference, the court may issue a Case Management Order and notify the parties that no appearance is necessary. No later than 15 calendar days before the date set for the Case Management Review/Conference,

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (05-05)
LASC Approved

Page 1 of 2

**Superior Court of California, County of Los Angeles**
North Valley District, Chatsworth Courthouse
9425 Penfield Avenue, Chatsworth, CA 91311

**FILED**
Reserved for Clerk's File Stamp
LOS ANGELES SUPERIOR COURT

·SEP 2 4 2009

JOHN A. CLARKE, CLERK

BY C. SO, DEPUTY

PLAINTIFF   Macdonald

DEFENDANT   Teva

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT and
NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER
PC046482

---

**Notice of Civil Assignment:**

# Dept. F49

Plaintiff/Attorney(s) for Plaintiff are hereby ORDERED to serve a copy of this Notice on all parties at the time of service of the complaint and summons. Cross-complainants and plaintiffs-in-intervention are ordered to serve a copy on each new party brought into the case. This case is randomly assigned to Judge Barbara M. Scheper for all purposes, in **Department F49** of the North Valley District of this Court. All law and discovery matters must be calendared directly with the judicial assistant or court assistant in Department F49 by calling (818) 576-8403 between the hours of 9:30 a.m. to noon and from 1:30 p.m. to 4:00 p.m. Monday through Friday.

**Notice of Case Management Conference:** All parties are ordered to appear at a Case Management Conference in **Department F49** at the courthouse address shown above at **8:30 a.m.** on

Date: _____   FEB 1 9 2010

## ***NOTICE: READ PAGE 2 OF 2 FOR IMPORTANT INFORMATION**

**You are hereby notified that failure of any party to comply with these Orders may result in sanctions, including dismissal of the complaint and/or striking a pleading, such as an answer, and payment of money. This Order continues on Page 2 of 2. You are further given notice that failure to comply with the provisions of California Rules of Court, Rule 3.110 will result in the setting of an OSC re sanctions. Please read Rule 3.110 and page 2 of this Notice, and all applicable rules and statutes mentioned.**

Dated: SEP 2 4 2009

_____
Hon. Robert J. Schult, Supervising Judge

**CERTIFICATE OF SERVICE**

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to this action and that on _____ I served the Notice of All Purpose Case Assignment and Notice of Case Management Conference upon each party or counsel named below:

☑ by personally giving the party notice upon filing of the complaint.

☐ by depositing in the United States mail at the courthouse at Chatsworth, California, one copy of the original filed herein in a separate sealed envelope to each address shown on page 2 herein with postage fully prepaid.

Date: SEP 2 4 2009

John A. Clarke, Executive Officer/Clerk

By _____, Deputy Clerk

Notice of All Purpose Case Assignment and Case Management Conference
PAGE 1 OF 2

EXHIBIT A 22

All counsel and/or self-represented parties must be fully knowledgeable on all applicable statutes, California Rules of Court ["CRC"] and all Local Rules of the Los Angeles Superior Court ["LASC"] including Chapter 7 thereof. All CRC and LASC Rules will be enforced. So please, READ THE RULES! For your convenience, some of the more significant rules are summarized below.

### Service of Complaints and Cross-Complaints  (CRC 3.110(b) and (c))

The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint. When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

### Requests for Default (CRC 3.110 (g) and (h))

Requests to enter clerk's default relating to a defendant or cross-defendant who has failed to timely respond to a complaint or cross-complaint shall be filed no later than 10 days after the time has run within which said defendant or cross-defendant was to have responded. When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after entry of default, unless the Court has granted an extension of time.

### Case Management Conference Statements and Conferences (CRC 3.720 – 3.730)

You are hereby given NOTICE that: No later than 30 calendar days before the date set for the Case Management Conference or review, the parties shall meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 and 3.727. No later than 15 calendar days before the date set for the Case Management Conference or review, each party must file a case management statement using Judicial Council Form CM-110, and serve it on all parties in the case. (CRC 3.725). At the case management conference, counsel and self-represented parties shall appear and be fully prepared to discuss all of the matters set forth in CRC 3.724 and 3.727, and the court may make orders concerning all of the matters set forth in CRC 3.728. At the Case Management Conference, the Court may make pretrial orders including, but not limited to, establishing a discovery schedule, reference to a form of alternate dispute resolution, RECLASSIFYING THE CASE AS A LIMITED JURISDICTION case [*Stern v. Superior Court* (2003) 105 Cal.App. 4th 223], dismissing unserved defendants, setting the case for mandatory settlement conference, final status conference, trial, and other hearings, and to achieve the goals of the Trial Court Delay Reduction Act, Govt. Code section 68600 et seq. Failure: to file a CM-110, timely file a CM-110, comprehensively complete the CM-110, appear at the Case Management Conference, or effectively participate in the Case Management Conference, may result in the Court imposing sanctions (including dismissal of the action, striking of an answer, and monetary sanctions) pursuant to CRC 2.30, LASC Chapter 7, Code of Civ. Proc. sections 177.5 and 583.150, and Govt. Code section 68608(b).

**OSC re Sanctions:** An Order to Show cause hearing will be noticed pursuant to CRC Rule 3.110(f) for the failure to meet the time deadlines for service of the complaint and proof of service thereon. This OSC will be calendared between 70 and 85 days after the filing of the complaint unless there is service of the complaint as to all defendants and proof of service thereon filed in compliance with Rule 3.110. You are given NOTICE that at the hearing on the OSC, the Court will consider whether failure to comply with these rules will result in the issuance of sanctions, including dismissal for failure to prosecute (Code of Civ. Proc. section 583.150, Govt. Code section 68608(b), and CRC Rule 2.30) or, alternatively, why other actions should not be taken. At the hearing on the OSC the Court may (1) impose such sanctions as authorized by law and (2) make further appropriate orders regarding the preparation of the case for trial. Failure to attend the hearing on any such OSC may result in additional sanctions, including dismissal of the case. Responsive papers to such an OSC *must* be filed at least five calendar days before the hearing. See, CRC Rule 3.110(i).

Addresses for Mailing:

EXHIBIT A  23

# EXHIBIT B

1    Anthony G. Brazil, Esq.  SBN:  84297
2    Karen M. Firstenberg, Esq.  SBN:  222432
     MORRIS POLICH & PURDY LLP
3    1055 West Seventh Street, 24th Floor
4    Los Angeles, California 90017
     Telephone:  (213) 891-9100
5    Facsimile:   (213) 488-1178
     E-Mail:  Abrazil@mpplaw.com
6    E-Mail:  Kfirstenberg@mpplaw.com
7
8    Attorneys for Defendants
     TEVA PHARMACEUTICALS USA, INC.,
9    TEVA WOMEN'S HEALTH, INC.
     (F/K/A DURAMED PHARMACEUTICALS),
10   TEVA RESPIRATORY, LLC, AND
11   TEVA NEUROSCIENCE, INC.
12
13             **UNITED STATES DISTRICT COURT**
14        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
15

| | |
|---|---|
| 16   DEBRA MACDONALD, | Case No.: _____ |
| 17           Plaintiff, | Removed from the Superior Court of the |
| 18      vs. | State of California – County of Los Angeles, Case Number: PC 046482 |
| 19 | [Action Filed:  September 24, 2009] |
| 20   TEVA PHARMACEUTICALS USA, INC., GATE PHARMACEUTICALS; | JOINT CONSENT OF DEFENDANTS |
| 21   DURAMED PHARMACEUTICALS, | TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH, INC. (F/K/A |
| 22   TEVA RESPIRATORY, TEVA NEUROSCIENCE, and DOES 1-200, | DURAMED PHARMACEUTICALS), TEVA RESPIRATORY, LLC, AND TEVA |
| 23 | NEUROSCIENCE, INC. TO REMOVAL |
| 24           Defendants. | BY DEFENDANT GARFIELD BEACH CVS, LLC (ERRONEOUSLY SUED AS |
| 25 | CVS PHARMACY, INC.) |
| 26 | |
| 27 | |

28   L0226557                          1

JOINT CONSENT OF DEFENDANTS TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH
INC. (F/K/A/ DURAMED PHARMACEUTICALS), TEVA RESPIRATORY, LLC, AND TEVA
NEUROSCIENCE, INC. TO REMOVAL BY DEFENDANT GARFIELD BEACH CVS, LLC
(ERRONEOUSLY SUED AS CVS PHARMACY, INC.)

EXHIBIT B 1

1    Defendants Teva Pharmaceuticals USA, Inc. (including Teva Pharmaceuticals

2 USA Inc.'s unincorporated operating unit Gate Pharmaceuticals erroneously named as

3 a separate legal entity in the Complaint) ("Teva USA"), Teva Women's Health, Inc.

4 (f/k/a Duramed Pharmaceuticals, Inc.) ("Teva Women's Health"), Teva Respiratory,

5 LLC ("Teva Respiratory") and Teva Neuroscience, Inc. ("Teva Neuroscience")

6 (collectively, "Teva Defendants"), through counsel, hereby consent to the removal of

7 Debra MacDonald v. Teva Pharmaceuticals USA, Inc., et al., Case No. PC 046482,

8 from the Superior Court of the State of California, County of Los Angeles, to the

9 United States District Court, Central District of California, by Garfield Beach CVS,

10 LLC (erroneously sued as CVS Pharmacy, Inc.).

11    Defendant Teva USA is, and was at the commencement of this action, a

12 Delaware corporation with its principal place of business in Pennsylvania.

13    Defendant Teva Women's Health is, and was at the commencement of this

14 action, a Delaware corporation with its principal place of business in New Jersey.

15    Defendant Teva Neuroscience is, and was at the commencement of this action, a

16 Delaware corporation with its principal place of business in Pennsylvania.

17    Defendant Teva Respiratory is, and was at the commencement of this action, a

18 Florida limited liability company, with its principal place of business in Pennsylvania.

19 The sole member of Teva Respiratory is IVAX, LLC. ("IVAX"). IVAX is a Florida

20 limited liability company, with its principal place of business in Florida. Teva USA, a

21 citizen of Delaware and Pennsylvania, is the sole member of IVAX. Thus, IVAX is a

22 citizen of Delaware and Pennsylvania. Accordingly, pursuant to 28 U.S.C. §

23 1332(c)(1) and the rule announced in *Johnson v. Columbia Prop. Anchorage, LP*, 437

24 F.3d 894, 899 (9th Cir. 2006), Teva Respiratory is a citizen of Delaware and

25 Pennsylvania.

26

27

28

L0226557                                        2

EXHIBIT B 2

1   Dated:  June 4, 2010

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,
**MORRIS POLICH & PURDY LLP**

By: _____
Anthony G. Brazil
Karen M. Firstenberg


Attorneys for Defendants,
TEVA PHARMACEUTICALS USA,
INC., TEVA WOMEN'S HEALTH, INC.
(f/k/a Duramed Pharmaceuticals),
TEVA RESPIRATORY, LLC, AND
TEVA NEUROSCIENCE, INC.

L0226557                                3

**JOINT CONSENT OF DEFENDANTS TEVA PHARMACEUTICALS USA, INC., TEVA WOMEN'S HEALTH INC. (F/K/A/ DURAMED PHARMACEUTICALS), TEVA RESPIRATORY, LLC, AND TEVA NEUROSCIENCE, INC. TO REMOVAL BY DEFENDANT GARFIELD BEACH CVS, LLC (ERRONEOUSLY SUED AS CVS PHARMACY, INC.)**

EXHIBIT B 3

# EXHIBIT C

I hereby attest and certify on 1/25/2010
that the foregoing document is a full, true
and correct copy of the original on file in
my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-81 PA (RCx) | Date | January 25, 2010 |
| Title | Debra MacDonald v. Teva Pharmaceuticals USA, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**        IN CHAMBERS - COURT ORDER

Before this Court is a Notice of Removal filed by defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc. (formerly known as Duramed Pharmaceuticals), Teva Respiratory, LLC, and Teva Neuroscience, Inc. (collectively "Defendants") on January 6, 2010.[1] (Docket No. 1.) Defendants assert that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v.

[1]       "Gate Pharmaceuticals" is also named as a defendant; however, Teva Pharmaceuticals USA, Inc. explains that Gate Pharmaceuticals is not a separate entity but rather one of its unincorporated operating units.

EXHIBIT C 1

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

|  Case No. | CV 10-81 PA (RCx) |  Date | January 25, 2010 |
|---|---|---|---|
| Title | Debra MacDonald v. Teva Pharmaceuticals USA, Inc., et al. | | |

Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Id.

The Notice of Removal claims that plaintiff Debra MacDonald ("Plaintiff") is a citizen of California, since Plaintiff has listed a California address on her Complaint. (Notice of Removal ¶ 7.) However, merely listing a California address does not establish that Plaintiff is a resident of California, let alone a citizen of California. Additionally, the Notice of Removal alleges that Teva Respiratory, LLC is a Florida limited liability company with its principal place of business in Pennsylvania.. Id. ¶ 11. The Notice of Removal does not contain any allegations concerning the citizenship of Teva Respiratory, LLC's owners or members. Thus the Notice of Removal also fails to establish the citizenship of Teva Respiratory, LLC.

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. PC 046482 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

EXHIBIT C 2

# EXHIBIT D

1 | Anthony G. Brazil, Esq. SBN: 84297
Karen M. Firstenberg, Esq. SBN: 222432
2 | MORRIS POLICH & PURDY LLP
3 | 1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
4 | Telephone: (213) 891-9100
Facsimile: (213) 488-1178
5 | E-Mail: Abrazil@mpplaw.com
E-Mail: Kfirstenberg@mpplaw.com
6 |
7 | Attorneys for Defendants,
TEVA PHARMACEUTICALS USA, INC.,
8 | TEVA WOMEN'S HEALTH, INC.
f/k/a DURAMED PHARMACEUTICALS, INC.,
9 | TEVA RESPIRATORY, LLC, AND
TEVA NEUROSCIENCE, INC.
10 |

11        SUPERIOR COURT OF THE STATE OF CALIFORNIA

12            FOR THE COUNTY OF LOS ANGELES

13

| | |
|---|---|
| 14  DEBRA MACDONALD, | Case No.: PC 046482 |
| 15       Plaintiff, | Assigned for all purposes to Honorable Judge Barbara Scheper, Dept. F-49 |
| 16  vs. | |
| 17  TEVA PHARMACEUTICALS USA, INC., | **DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S REQUEST FOR ADMISSIONS (SET ONE) TO PLAINTIFF DEBRA MACDONALD** |
| 18  GATE PHARMACEUTICALS; DURAMED PHARMACEUTICALS, TEVA | |
| 19  RESPIRATORY, TEVA NEUROSCIENCE, and DOES 1-200, | |
| 20 | |
| 21       Defendants. | Action Filed: September 24, 2009 Trial Date: None |
| 22 | |

23  **PROPOUNDING PARTY: DEFENDANT TEVA PHARMACEUTICALS USA, INC.**

24  **RESPONDING PARTY:   PLAINTIFF DEBRA MACDONALD**

25  **SET NO.:         ONE**

26       Defendant TEVA PHARMACEUTICALS USA, INC. ("Teva") in accordance with

27  California *Code of Civil Procedure* 2033.010, et seq., requests that Plaintiff DEBRA

28

L0209506.DOC                                    1

1 MACDONALD respond fully, separately, in writing and under oath the following requests

2 for admission within thirty (30) days from the service hereof.

3 **DEFINITIONS AND INSTRUCTIONS**

4     1.     "YOU," "YOUR," and "PLAINTIFF" as used herein shall refer to the PLAINTIFF

5 Debra MacDonald, and anyone acting on her behalf.

6     2.     "DEFENDANT" as used herein shall refer to Teva Pharmaceuticals USA, Inc.

7     3.     The use of the singular form of any word includes the plural and vice versa.  The

8 general use of a masculine pronoun implies both masculine and feminine; the general use of a

9 feminine pronoun implies both masculine and feminine.

10     4.     The terms "all" and "each" shall be construed as "all and each."

11     5.     The connectives "and" and "or" shall be construed either disjunctively or

12 conjunctively as necessary to broaden the scope of the request, and to bring within the scope of

13 the request all answers that might otherwise be construed to be outside of its scope.

14     6.     The term "INCLUDING" shall mean "INCLUDING without express or implied

15 limitation."

16 **REQUESTS FOR ADMISSION**

17 **REQUEST FOR ADMISSION NO. 1:**

18     Admit that YOU live at 28151-60 Seco Canyon Road, Saugus, California, 91390.

19 **REQUEST FOR ADMISSION NO. 2:**

20     Admit that YOU are an owner of your current residence located at 28151-60 Seco Canyon

21 Road, Saugus, California, 91390.

22 **REQUEST FOR ADMISSION NO. 3:**

23     Admit that your residence telephone number is (818) 902-9855.

24 **REQUEST FOR ADMISSION NO. 4:**

25     Admit that YOU have been a resident of the State of California for at least the past 10

26 years.

27 ///

28 ///

L0209506                                    2

EXHIBIT D 2

1  **REQUEST FOR ADMISSION NO. 5:**

2      Admit that you hold a currently valid California driver's license or California-issued

3  identification card.

4  **REQUEST FOR ADMISSION NO. 6:**

5      Admit that you are employed in the State of California.

6

7  Dated: February 4, 2010                Respectfully submitted,

8                                          **MORRIS POLICH & PURDY** LLP

9

10                                         By: _Karen M. Firstenberg_

11                                             Anthony G. Brazil
                                               Karen M. Firstenberg

12                                         Attorneys for Defendants

13                                         TEVA PHARMACEUTICALS USA, INC.,
                                           TEVA WOMEN'S HEALTH, INC.

14                                         f/k/a DURAMED PHARMACEUTICALS, INC.,
                                           TEVA RESPIRATORY, LLC, AND

15                                         TEVA NEUROSCIENCE, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

L0209506                                    3

EXHIBIT D 3

## PROOF OF SERVICE

I am employed in Los Angeles County.  I am over the age of 18 and not a party to this action.  My business address is 1055 W. Seventh Street, 24th Floor, Los Angeles, California 90017.

On February 4, 2010, I served the foregoing document, described as "**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S REQUEST FOR ADMISSIONS (SET ONE) TO PLAINTIFF DEBRA MACDONALD**" in this action by placing

☐ the original of the document      ☒ true copies of the document
in separate sealed envelopes to the following addresses:

Debra MacDonald
28151-60 Seco Canyon Road
Saugus, CA  91390
*Plaintiff, in Pro Per*

☒ **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.I am readily familiar with Morris Polich & Purdy's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ **BY FEDERAL EXPRESS**  I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express.  Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY E-MAIL**  I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service.

☐ **BY FACSIMILE**  I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service.

☒ **STATE**  I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on February 4, 2010, at Los Angeles, California.

Lisa Jimenez

L0209506.DOC

4

EXHIBIT D 4



1  DEBRA MACDONALD
   IN PRO PER
2  28151-60 Seco Canyon Road
   Saugus, California 91390
3
   Telephone:   (818) 902-9855
4  Facsimile:   (818) 902-0705
5
   Attorneys for Plaintiff, DEBRA MACDONALD, In Pro Per
6
7
8                  SUPERIOR COURT OF CALIFORNIA
9        COUNTY OF LOS ANGELES, NORTH VALLEY DISTRICT
10
11  DEBRA MACDONALD,                    ) CASE NO. PC 046 482
12                Plaintiff,            ) {Assigned to Judge Barbara M. Scheper-Dept.
                                        ) F-49]
13       vs.                            )
                                        ) Action Filed: 9-24-09
14  TEVA PHARMACEUTICALS, USA, INC.;    )
    GATE PHARMACEUTICALS; DURAMED)      RESPONSE    TO    REQUESTS    FOR
15  PHARMACEUTICALS;         TEVA)      ADMISSIONS
    RESPIRATORY;  TEVA NEUROSCIENCE;)
16  and DOES 1 through 200, Inclusive,  )
                                        ) Discovery Cutoff:   None
17                Defendants.           ) Motion Cutoff:      None
                                        ) Trial Date:         None
18  _____)
19
20  PROPOUNDING PARTY: Defendant, TEVA PHARMACEUTICALS USA, INC.
21  RESPONDING PARTY:   Plaintiff, DEBRA MACDONALD, In Pro Per
22  SET NUMBER:         ONE
23
24              RESPONSE TO REQUEST FOR ADMISSIONS
25      Plaintiff, In Pro-Per, Debra MacDonald, hereby responds to Defendant, Teva
26  Pharmaceuticals USA, Inc.'s First Set of Request for Admissions
27
28  ///

                                —1 —

Law Offices of
MICHAEL S. MISCHEL & ASSOCIATES
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2611
TELEPHONE (818) 902-9855

EXHIBIT D 5

1.   Admits

2.   Objection.  Said request is not reasonably calculated to lead to the discovery of admissible evidence and does not reasonably relate to a claim or defense of any party to this action.  It also violates responding parties' right to privacy.  It is therefore irrelevant and immaterial.

3.   Denies

4.   Objection.  Said request is overly broad and remote in its scope.  It also seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and does not relate to a claim or defense of any party to this action.  It is therefore irrelevant and immaterial.

5.   Objection.  Said request is not reasonably calculated to lead to the discovery of admissible evidence and does not reasonably relate to a claim or defense of any party to this action.  It is therefore irrelevant and immaterial.

6.   Admits

DATED: March 5, 2010

DEBRA MACDONALD, IN PRO PER

By: _____
Debra MacDonald
Plaintiff in Pro Per

Law Offices of
MICHAEL S. MISCHEL & ASSOCIATES
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2511
TELEPHONE (818) 902-9855

-2-

Response To Requests For Admissions

EXHIBIT D 6

## VERIFICATION

**STATE OF CALIFORNIA** )
)
**County of Los Angeles** )

I have read the foregoing _____ **RESPONSES TO REQUEST FOR ADMISSIONS,**

**SET ONE** _____

### CHECK APPLICABLE PARAGRAPH

**XX** I am a party to this action. The matters stated in the foregoing document are true of

my own knowledge except as to those matters which are stated on information and belief,

and as to those matters, I believe them to be true.

__ I am __ an Officer of the _____ a Partner__ an ___, a party to this action,

and am authorized to make this verification for and on its behalf, and I make this

verification for that reason. ___ I am informed and believe and on that ground allege that

the matters stated in the foregoing document are true. __ The matters stated in the

foregoing document are of my own knowledge except as to those matters which are stated

on information and belief, and as to those matters, I believe them to be true.

Executed on _March 8, 2010_    at _Van Nuys_____, California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Debra MacDonald_____              _____
                                              (Signature)

[MacDonald vs. Teva]

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 5900 Sepulveda Boulevard, Suite 335, Van Nuys, California 91411-2511.

On **March 8, 2010**, I served the within **RESPONSE TO REQUESTS FOR ADMISSIONS** on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope, addressed as stated below:

Anthony G. Brazil, Esq.
Karen M. Firstenberg, Esq.
Morris, Polich & Purdy, LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017

☒ **(BY MAIL)** I deposited such envelope with postage thereon fully prepaid, in the United States mail at Van Nuys, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(BY FACSIMILE)** On March 8, 2010, the above-described document (s) were sent by facsimile transmission to the facsimile number(s) of the law office(s) stated above. The transmission was reported as complete and without error. A copy of the transmission report is made a part of this proof of service pursuant to CRC §2008.

☐ **(BY OVERNIGHT DELIVERY)** On March 8, 2010, I placed the Federal Express package for overnight delivery in a box or location regularly maintained by Federal Express at my office or I delivered the package to an authorized courier or driver authorized by Federal Express to receive documents. The package was placed in a sealed envelope or package designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ **(State)** I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 8, 2010, at Van Nuys, California.

Debra MacDonald

[MacDonald vs. Teva POS]

Law Offices of
MICHAEL S. MISCHEL & ASSOCIATES
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2511
TELEPHONE (818) 902-9855

EXHIBIT D 8

# EXHIBIT E

1  Anthony G. Brazil, Esq. SBN: 84297
   Karen M. Firstenberg, Esq. SBN: 222432
2  MORRIS POLICH & PURDY LLP
   1055 West Seventh Street, 24th Floor
3  Los Angeles, California 90017
   Telephone: (213) 891-9100
4  Facsimile:  (213) 488-1178
   E-Mail: Abrazil@mpplaw.com
5  E-Mail: Kfirstenberg@mpplaw.com
6
   Attorneys for Defendants,
7  TEVA PHARMACEUTICALS USA, INC.,
   TEVA WOMEN'S HEALTH, INC.
8  f/k/a DURAMED PHARMACEUTICALS, INC.,
   TEVA RESPIRATORY, LLC, AND
9  TEVA NEUROSCIENCE, INC.
10

11           SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                FOR THE COUNTY OF LOS ANGELES

13

| 14 | DEBRA MACDONALD, | Case No.: PC 046482 |
|---|---|---|
| 15 | Plaintiff, | |
| 16 | vs. | Assigned for all purposes to Honorable Judge Barbara Scheper, Dept. F-49 |
| 17 | TEVA PHARMACEUTICALS USA, INC., | **DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S** |
| 18 | GATE PHARMACEUTICALS; DURAMED PHARMACEUTICALS, TEVA | **SPECIAL INTERROGATORIES (SET** |
| 19 | RESPIRATORY, TEVA NEUROSCIENCE, and | **ONE) TO PLAINTIFF DEBRA** |
| 20 | DOES 1-200, | **MACDONALD** |
| 21 | Defendants. | Action Filed: September 24, 2009 Trial Date:  None |
| 22 | | |

23  **PROPOUNDING PARTY: DEFENDANT TEVA PHARMACEUTICALS USA, INC.**

24  **RESPONDING PARTY:    PLAINTIFF DEBRA MACDONALD**

25  **SET NO.:            ONE**

26        Pursuant to the *California Code of Civil Procedure*, section 2030.010, defendant Teva

27  Pharmaceuticals USA, Inc. ("Teva") requests that YOU respond fully, separately, in writing,

28  under oath, and within 30 days to the following set of interrogatories.  In responding to these

L0209510                                    1

**DEFENDANT  TEVA PHARMACEUTICALS USA, INC.'S SPECIAL INTERROGATORIES (SET ONE)**

EXHIBIT E 1

1  interrogatories, you are requested to furnish all information available to YOU, YOUR

2  attorneys, YOUR investigators, or anyone else acting on YOUR behalf.

3  <div align="center">**DEFINITIONS AND INSTRUCTIONS**</div>

4      1.    "**YOU**," "**YOUR**," and "**PLAINTIFF**" as used herein shall refer to the

5  PLAINTIFF Debra MacDonald, and anyone acting on her behalf.

6      2.    "**DEFENDANT**" as used herein shall refer to Teva Pharmaceuticals USA, Inc.

7      3.    "**IDENTIFY**" when used with respect to a person means to give, to the extent

8  known, the person's full name, present or last known address, relationship to **PLAINTIFF**.

9      4.    "**IDENTIFY**" when used with respect to an organization, means to give, to the

10  extent known, the organization's full title, present or last known address, and present or last

11  known telephone number.

12      5.    "**IDENTIFY**" or "**STATE THE IDENTITY OF**," when used with respect to a

13  communication or contact means state the date of such communication or contact; state

14  whether the communication or contact was oral or written; identify each document which in

15  any way concerns, relates, or refers to the communication or contact; and identify each

16  person or persons who sent, received, or had knowledge of the communication or contact.

17      6.    "**STATE**," "**DESCRIBE**," or "**EXPLAIN**," when used with respect to a fact,

18  event, or allegation, means provide the complete and full details concerning such fact, event,

19  or allegation, **INCLUDING** the identity of all documents that reflect, refer, relate, evidence,

20  or pertain in any way to such fact, event, or allegation.

21      7.    The term "**PERSON**" means any natural person or any business, legal, or

22  governmental entity, or association.

23      8.    The terms "**RELATE**," "**RELATED**," or "**RELATED TO**" as used herein shall

24  mean, without limitation, comprising, constituting, encompassing, referring, incorporating,

25  referencing, compiling, noticing, or relating to the subject matter subject to the Interrogatory.

26      9.    If **YOU** cannot answer the foregoing interrogatories in full and complete detail

27  after exercising due diligence to secure the information to do so, please so state and answer to

28

L0209510

<div align="center">2</div>

DEFENDANT  TEVA PHARMACEUTICALS USA, INC.'S SPECIAL INTERROGATORIES (SET ONE)

1    the extent possible, specifying in each instance **YOUR** inability to answer the remainder and

2    stating whatever information or knowledge **YOU** have concerning the unanswered portions.

3        10.    Where **YOUR** knowledge or information is requested, such request shall also

4    include the knowledge of **YOUR** representatives and agents and, unless privileged, **YOUR**

5    attorney(s).

6        11.    If **YOU** assert a privilege as grounds for refusal to answer any request set forth

7    herein, name the privilege asserted and explain the grounds upon which said privilege is

8    based.

9        12.    If **YOU** object to any request set forth herein, state the grounds of the objection

10    with sufficient specificity to permit determination of the basis for such objection.

11        13.    Each of these interrogatories shall be deemed continuing in nature so as to

12    require supplemental answers, in accordance with the California Rules of Civil Procedure, if

13    **YOU** obtain further information between the time of answering the interrogatory and the time

14    of trial.

15        14.    The use of the singular form of any word includes the plural and vice versa.  The

16    general use of a masculine pronoun implies both masculine and feminine; the general use of a

17    feminine pronoun implies both masculine and feminine.

18        15.    The terms "all" and "each" shall be construed as "all and each."

19        16.    The connectives "and" and "or" shall be construed either disjunctively or

20    conjunctively as necessary to broaden the scope of the request, and to bring within the scope

21    of the request all answers that might otherwise be construed to be outside of its scope.

22        17.    The term **"INCLUDING"** shall mean **"INCLUDING** without express or implied

23    limitation."

24

25

26

27

28

L0209510                        3

DEFENDANT  TEVA PHARMACEUTICALS USA, INC.'S SPECIAL INTERROGATORIES (SET ONE)

1                                         **SPECIAL INTERROGATORIES**

2

3 **SPECIAL INTERROGATORY NO. 1:**

4        IDENTIFY YOUR present home address and YOUR previous home addresses for the

5 past 10 years, and INCLUDE the periods of time that you resided at each address.

6 **SPECIAL INTERROGATORY NO. 2:**

7        IDENTIFY YOUR current and past employers from January 1, 2000 to the date of your

8 response to this Interrogatory.

9 **SPECIAL INTERROGATORY NO. 3:**

10        IDENTIFY the state that issued your current driver's license or official state identification

11 card, and provide your driver's license or official state identification card number.

12 **SPECIAL INTERROGATORY NO. 4:**

13        IDENTIFY the State in which YOU are registered to vote.

14 **SPECIAL INTERROGATORY NO. 5:**

15        IDENTIFY the State in which YOU paid, if any, property and income taxes for the past

16 five years.

17

18 Dated: February 4, 2010                 Respectfully submitted,

19                                       **MORRIS POLICH & PURDY LLP**

20

21                                By: _Karen M. Firstenberg_

                                  Anthony G. Brazil

22                                   Karen M. Firstenberg

23                                   Attorneys for Defendants

24                                   TEVA PHARMACEUTICALS USA, INC.,
                                  TEVA WOMEN'S HEALTH, INC.

25                                   f/k/a DURAMED PHARMACEUTICALS, INC.,
                                  TEVA RESPIRATORY, LLC, AND

26                                   TEVA NEUROSCIENCE, INC.

27

28

L0209510                                    4

EXHIBIT E 4

## PROOF OF SERVICE

I am employed in Los Angeles County.  I am over the age of 18 and not a party to this action.  My business address is 1055 W. Seventh Street, 24th Floor, Los Angeles, California 90017.

On February 4, 2010, I served the foregoing document, described as "**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S SPECIAL INTERROGATORIES TO PLAINTIFF DEBRA MACDONALD**" in this action by placing

☐ the original of the document    ☒ true copies of the document in separate sealed envelopes to the following addresses:

Debra MacDonald
28151-60 Seco Canyon Road
Saugus, CA  91390
*Plaintiff, in Pro Per*

☒ **BY U.S. MAIL**  I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid.I am readily familiar with Morris Polich & Purdy's practice of collection and processing correspondence for mailing.  Under that practice, documents are deposited with the U.S. Postal Service on the same day which is stated in the proof of service, with postage fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date stated in this proof of service.

☐ **BY FEDERAL EXPRESS**  I am familiar with the firm's practice of collecting and processing correspondence for delivery via Federal Express.  Under that practice, it would be picked up by Federal Express on that same day at Los Angeles, California and delivered to the parties as listed on this Proof of Service the following business morning.

☐ **BY E-MAIL** I caused the above-referenced document to be transmitted via electronic mail (e-mail) to the parties as listed on this Proof of Service.

☐ **BY FACSIMILE** I caused the above-referenced document to be transmitted via facsimile to the parties as listed on this Proof of Service.

☒ **STATE** I declare under penalty of perjury under the laws of the state of California, that the above is true and correct.

Executed on February 4, 2010, at Los Angeles, California.

Lisa Jimenez

L0209510.DOC

5

DEFENDANT  TEVA PHARMACEUTICALS USA, INC.'S SPECIAL INTERROGATORIES (SET ONE)

EXHIBIT E 5



1  **DEBRA MACDONALD**
   **IN PRO PER**
2  28151-60 Seco Canyon Road
   Saugus, California 91390
3
   Telephone:    (818) 902-9855
4  Facsimile:    (818) 902-0705
5
   Attorneys for **Plaintiff, DEBRA MACDONALD, In Pro Per**
6
7
8              **SUPERIOR COURT OF CALIFORNIA**
9        **COUNTY OF LOS ANGELES, NORTH VALLEY DISTRICT**
10
11 DEBRA MACDONALD,                    ) CASE NO.  PC 046 482
12              Plaintiff,             ) {Assigned to Judge Barbara M. Scheper-Dept.
                                       ) F-49]
13     vs.                             )
                                       ) Action Filed: 9-24-09
14 TEVA  PHARMACEUTICALS,  USA,  INC.; )
   GATE PHARMACEUTICALS;  DURAMED)     **R E S P O N S E   T O   S P E C I A L**
15 PHARMACEUTICALS;       TEVA)        **INTERROGATORIES**
   RESPIRATORY;   TEVA NEUROSCIENCE;)
16 and DOES 1 through 200, Inclusive,  )
                                       ) Discovery Cutoff:   None
17              Defendants.            ) Motion Cutoff:      None
                                       ) Trial Date:         None
18 _____)
19
20
21 PROPOUNDING PARTY: Defendant, TEVA PHARMACEUTICALS USA, INC.
22 RESPONDING PARTY:    Plaintiff, DEBRA MACDONALD, In Pro Per
23 SET NUMBER:          ONE
24
25     **COMES NOW** Plaintiff, DEBRA MACDONALD, In Pro Per, and hereby responds to
26 Defendant, TEVA PHARMACEUTICALS USA, INC.'S Special Interrogatories, set number ONE
27 as set forth herein below.
28 ///

                                1

                  Response To Special Interrogatories

1    It should be noted this responding party has not fully completed investigation of the facts

2    relating to this case, has not fully completed the discovery in this action and has not completed

3    preparation for Trial. All the responses contained herein are based only upon such information

4    and document which are presently available to and specifically known to this responding party

5    and disclose only those contentions which presently occurred to this responding party. It is

6    anticipated that further discovery, independent investigation, legal research and analysis will

7    supply additional facts, and meaning to the known facts, as well as establish entirely new factual

8    conclusions and legal contentions, all of which lead to substantial additions to, changes in and

9    variations from the contentions herein set forth.

10

11    The following responses are given without prejudice to responding party's right to

12    produce evidence of any subsequently discovered fact or facts which this responding party may

13    later recall. This responding party accordingly reserves the right to change any and all responses

14    herein as additional facts are ascertained, analyses are made, legal research is completed and

15    contentions are made. The responses contained herein are made in a good faith effort to supply

16    as much factual information and as much specification of legal contentions are is presently

17    known but should in no way be to the prejudice of the responding party in relation to further

18    discovery, research or analysis. This preliminary statement is incorporated into each and every

19    further response set forth below.

20

21    If any information within the scope of the attorney-client privilege or the attorney-work

22    product doctrine is inadvertently disclosed in this response, defendant has not done so

23    intentionally, and reserves the right to assert these privileges at any time in this proceedings, and

24    further reserves the right to request return of all privileged information, including any copies

25    or abstract of that information. In addition, all evidentiary objections are reserved and no waiver

26    of any objections are to be implied with this response. To the extent that this response might

27    arguably waive an otherwise assertable objection or claim or privilege, such waiver shall be

28    limited to this response only and shall not extend to any further discovery requests or

Law Offices of
**MICHAEL S. MISCHEL & ASSOCIATES**
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2511
TELEPHONE (818) 902-9855

2

Response To Special Interrogatories

EXHIBIT E 7

1    subpoenas.

2

3                              **GENERAL OBJECTIONS**

4            Responding party hereby objects to each and every form interrogatory propounded to the

5    extent that it seeks information protected from disclosure by the attorney-client privilege and/or

6    the attorney-work product doctrine.

7

8            These general objections are incorporated by this reference to each response given

9    herein.  All responses are provided without waiving said objections.

10

11                                   **RESPONSES**

12

13   1.     Objection.  Said interrogatory is overly broad and remote in its scope.  It is also

14          compound and fails to comply with the provisions and limitations of Code of

15          Civil Procedure, Section 2030.060(d) and (f).  Without waiving said objection,

16          responding party responds that her present home address is 28151-60 Seco

17          Canyon Road, Saugus, California 91390, where responding party has resided for

18          the last 5 years.

19

20   2.     Objection.  Said interrogatory is overly broad and remote in its scope.  It is also

21          compound and fails to comply with the provisions and limitations of <u>Code of</u>

22          <u>Civil Procedure,</u> Section 2030.060(d) and (f).  Without waiving said objection,

23          responding party responds as to the past 5 years wherein responding party has

24          been employed with Michael S. Mischel & Associates, 5900 Sepulveda

25          Boulevard, Suite 335, Van Nuys, California 91411.

26

27   3.     Objection.  Said interrogatory seeks information that is not reasonably calculated

28          to lead to the discovery of admissible evidence and does not reasonably relate to

                                              3

Law Offices of
**MICHAEL S. MISCHEL & ASSOCIATES**
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2511
TELEPHONE (818) 902-9656

EXHIBIT E 8

1    a claim or defense of any party to this action. It is therefore irrelevant and

2    immaterial. Furthermore, said interrogatory is compound and fails to comply

3    with the provisions and limitations of Code of Civil Procedure, Section

4    2030.060(d) and (f) and also improperly requests a production of documents in

5    response to said request.

6

7    4.    Objection.   Said interrogatory is not reasonably calculated to lead to the

8          discovery of admissible evidence and does not reasonably relate to a claim or

9          defense or any party to this action. It is therefore irrelevant and immaterial. It

10         also violates responding parties' right to privacy.

11

12   5.    Objection.   Said interrogatory is not reasonably calculated to lead to the

13         discovery of admissible evidence and does not reasonably relate to a claim or

14         defense or any party to this action. It is therefore irrelevant and immaterial. It

15         also violates responding parties' right to privacy. Said interrogatory is also overly

16         broad and remote in its scope.

17

18   DATED: March 5, 2010                    DEBRA MACDONALD

19

20                                           By: _____

21                                                Debra MacDonald
                                                  Plaintiff In Pro Per

22

23

24

25

26

27

28

4

Response To Special Interrogatories

EXHIBIT E 9

### VERIFICATION

STATE OF CALIFORNIA   )
                                    )

County of Los Angeles    )

I have read the foregoing _____ **RESPONSES TO SPECIAL**

**INTERROGATORIES, SET ONE** _____

CHECK APPLICABLE PARAGRAPH

**XX** I am a party to this action. The matters stated in the foregoing document are true of

my own knowledge except as to those matters which are stated on information and belief,

and as to those matters, I believe them to be true.

_ I am _ an Officer of the _____ a Partner_. an ____, a party to this action,

and am authorized to make this verification for and on its behalf, and I make this

verification for that reason. ___ I am informed and believe and on that ground allege that

the matters stated in the foregoing document are true. _ The matters stated in the

foregoing document are of my own knowledge except as to those matters which are stated

on information and belief, and as to those matters, I believe them to be true.

. Executed on _March 8, 2010_     at _Van Nuys_____, California.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

_Debra MacDonald_____        _____
                                              (Signature)

[MacDonald vs. Teva]

1        **PROOF OF SERVICE**

2   **STATE OF CALIFORNIA**          )
                                      )
3   **COUNTY OF LOS ANGELES** )

4        I am a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 5900 Sepulveda Boulevard, Suite 335, Van

5   Nuys, California 91411-2511.

6        On **March 8, 2010**, I served the within **RESPONSE TO SPECIAL INTERROGATORIES** on the interested parties in said action by placing a true copy thereof

7   enclosed in a sealed envelope, addressed as stated below:

8   Anthony G. Brazil, Esq.
    Karen M. Firstenberg, Esq.
9   Morris, Polich & Purdy, LLP
    1055 West Seventh Street, 24th Floor
10  Los Angeles, California 90017

11  ☒  **(BY MAIL)** I deposited such envelope with postage thereon fully prepaid, in the United States mail at Van Nuys, California.

12

13  ☐  **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

14  ☐  **(BY FACSIMILE)** On March 8, 2010, the above-described document (s) were sent by facsimile transmission to the facsimile number(s) of the law office(s) stated above.   The

15  transmission was reported as complete and without error.   A copy of the transmission report is made a part of this proof of service pursuant to CRC §2008.

16

17  ☐  **(BY OVERNIGHT DELIVERY)** On March 8, 2010, I placed the Federal Express package for overnight delivery in a box or location regularly maintained by Federal Express at

18  my office or I delivered the package to an authorized courier or driver authorized by Federal Express to receive documents.   The package was placed in a sealed envelope or package

19  designated by Federal Express with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above, at the office address(es) as last given

20  by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

21  ☒  **(State)** I declare, under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23  ☐  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24       Executed on March 8, 2010, at Van Nuys, California.

25

26  [MacDonald vs. Teva POS]                        Debra MacDonald

27

28

Law Offices of
MICHAEL S. MISCHEL & ASSOCIATES
5900 SEPULVEDA BOULEVARD, SUITE 335
VAN NUYS, CALIFORNIA 91411-2511
TELEPHONE (818) 902-9955

EXHIBIT E 11